IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Anthony Smith, #302427, | ) C.A. #6:04-1572-PMD |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Glenn Russ, NFN Cobbs, Correctional | ) |
| Officer at Dorchester County Jail; and | ) |
| Dorchester County Jail, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court upon the magistrate judge's recommendation that the within action be dismissed. Because plaintiff is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review all pretrial matters and submit findings and recommendations to this Court.

v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed to the magistrate judge's report.  Moreover, the report and recommendation sent to plaintiff was returned with a notation on the envelope stating "RELEASED, LEFT NO ADDRESS" and "Probation 12-01-04," and no change of address had been given as directed by the court.[3]

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Finding no error in the report, this court adopts the report and recommendation and incorporates it into this order.

For the reasons articulated by the magistrate judge, it is hereby **ordered** that the within action be **dismissed** for lack of prosecution and plaintiff's failure to comply with the court's order to keep the court advised of a current mailing address.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina
July 1, 2005

---

[2] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[3] By order dated May 26, 2004, plaintiff was advised to keep the court advised in writing of any change of address.

2

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.